**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 16-CR-120-JED |
| ) | |
| vs. ) | |
| ) | |
| DANIEL MEJIA, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the Court is defendant's Unopposed Motion to Continue Pretrial Conference and Jury Trial (the "Motion") (Doc. 23). Defendant requests a continuance of the pretrial conference and jury trial setting for approximately thirty (30) days. The trial is currently set for December 19, 2016. Defendant represents that additional time is needed for defense counsel and the government to continue plea negotiations. (Doc. 23, ¶ 3). The parties assert that they would be unable to prepare for trial under the current scheduling order given the ongoing negotiations. Moreover, defendant does not intend to exercise his right to a jury trial and anticipates entering into a plea agreement. (*Id.*).

Defendant's request for a continuance falls under § 3161(h)(7) of the Speedy Trial Act. Section 3161(h)(7) permits a district court to exclude any period of delay resulting from a continuance upon the judge's "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting an ends of justice continuance, a court must orally or in writing set forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In its consideration of a motion for continuance, a court is required to consider a number of factors,

including "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Another factor a court must consider is whether the failure to grant a continuance would likely make continuation of the proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

The Tenth Circuit has made clear that an ends of justice continuance should not be granted "cavalierly." *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Under *Toombs*, the parties must provide the district court a sufficient record to determine why the facts weigh in favor of providing additional time. *See Toombs*, 574 F.3d at 1271. A district court must also give significant weight to the public's interest in a speedy trial, which is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court has reviewed the defendant's Motion and concludes that the parties have provided an adequate record for the Court to rule on this matter without a hearing. The Court agrees with the defendant and finds that while this case is not unusual or complex,[1] failure to grant a continuance would deny counsel for the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that failure to grant a continuance would likely result in a miscarriage of justice, as defendant has informed the Court of his desire to enter into a plea agreement, which would resolve the case and render a trial unnecessary. While the public has a strong interest in the speedy trial of all criminal cases, this interest must be balanced against

---

[1] At this time, there do not appear to be any "novel questions of fact or law" which would render this action unusual or complex under 18 U.S.C. § 3161(h)(7)(B)(ii).

defendant's interest in continuing plea negotiations and in his counsel having sufficient time to prepare for trial. Thus, the Court finds that the ends of justice will be served by the granting of the continuance and that those ends of justice outweigh the interests of the public and the defendant in a speedy trial. Based upon the facts presented in defendant's Motion, the Court has determined that a 30-day continuance of the jury trial from the date of this Order is appropriate.

IT IS THEREFORE ORDERED that the defendant's Motion (Doc. 23) is **granted**. The pretrial currently set for December 1, 2016 and the jury trial currently set for December 19, 2016 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **January 5, 2017 at 1:30 p.m.** |
| Voir dire, jury instructions, and trial briefs due: | January 9, 2017 |
| **Jury Trial:** | **January 17, 2017 at 9:30 a.m.** |

IT IS FURTHER ORDERED that the time between December 19, 2016 and January 17, 2017 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

IT IS SO ORDERED this 30th day of November, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE